HELEN HAINES AND THOMAS HAINES, HER HUSBAND, RESPONDENTS, v. NICHOLAS BAKER AND MONTCLAIR BROWN AND WHITE CAB COMPANY, APPELLANTS.

Argued February 5, 1931—Decided February 6, 1931.

For the appellants, *Pearce R. Franklin.*

For the respondents, *John A. Laird.*

PER CURIAM.

The female plaintiff sustained severe injury and was in hospital nearly seven weeks as a result of being struck by a taxicab owned by the corporate defendant and driven by the defendant Baker. She and her husband recovered separate verdicts and judgments against both defendants, who have brought this appeal.

Only one ground of appeal is pressed, viz., the refusal of the trial court to nonsuit for failure of proof of negligence by defendant Baker, contributory negligence was not suggested at the trial as a ground of nonsuit—and the other filed ground of appeal, relating to weight of evidence, alleged absence of evidence, amount of damages, and alleged disregard of the judge's charge, have been properly abandoned as not cognizable on appeal.

The accident occurred at about six P. M. on January 9th, 1928, when it was dark or nearly so. Mrs. Haines' recollection of the circumstances was limited, owing no doubt to the shock of the injury; but it was clearly inferable from her testimony that she was crossing Grove street from west to east at the northerly side of Claremont avenue, and had passed the middle of Grove street, when she was struck by the taxicab coming from the south. It was further inferable that she was on a crosswalk or in the direct line from the northwest to the northeast corner, which amounts to the same thing, when

she was struck, and was consequently entitled to the right of way mentioned in the Traffic act as applying to places where the houses are less than one hundred feet apart, which was the condition in this case  The driver, while claiming in his testimony that the accident occurred beyond the crosswalk, admitted that when some little distance away he saw Mrs. Haines crossing but did not see her again until the instant of collision and did not blow his horn at any time.

The only question before us is whether on the whole case the jury could properly find Baker was negligent and the accident was due to that negligence. We think there was enough in the plaintiffs' case to take this to the jury. But assuming there was not, then the testimony on the part of defendant was adequate to make up for any deficiency in that regard.

The judgment will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, DEAR, WELLS, JJ. 12.

*For reversal*—None.